UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TRAVON JOHNSON, | CASE NO. C23-01378-JNW |
| Plaintiff, | ORDER GRANTING SUMMARY JUDGMENT |
| v. | |
| SNOHOMISH COUNTY, et al., | |
| Defendant. | |

## INTRODUCTION

This matter comes before the Court on Defendants Jacob Navaro, Christopher Leyda, and Snohomish County's Motion for Summary Judgment (Dkt. No. 21). Having reviewed the Motion, Plaintiff Travon Johnson's Response (Dkt. No. 25), the Reply (Dkt. No. 28), and all other supporting materials, the Court GRANTS the Motion.

## BACKGROUND

The underlying dispute involves Plaintiff's September 6, 2020, arrest by Defendant Snohomish County. (First Amended Complaint (Dkt. No. 20) ¶ 4.1.) While handcuffed, Plaintiff

attempted to run from the arresting officers but was caught and "dragged across the street . . . while his face scraped the concrete," sustaining injuries to his "face, eye, waist, and shoulders." (Id. ¶¶ 4.1–4.2.) Despite his apparent injuries, the officers "refused to take him to the hospital. (Id.) He claims to have suffered physical and emotional harm as a result of his arrest. (Id. ¶ 4.14.)

Plaintiff filed the instant lawsuit exactly three years after his arrest, on September 6, 2023. (See generally, Complaint (Dkt. No. 1).) He brings seven causes of action sounding in both federal and state law. His first four claims are brough against all Defendants, and include: (1) a state-law tort claim for assault, battery, and outrage against all Defendants; (2) a federal claim regarding Defendant's excessive use of force; (3) a state law claim for intentional affliction of emotional distress; and (4) a state law negligence claim. (FAC ¶¶ 5.1–5.4.) His remaining three claims, brought only against Defendants Snohomish County Corrections and Snohomish County, include: (5) a federal claim that, as a matter of policy, practice, or custom, the entities failed to train, supervise, and discipline their officers; (6) state and federal claim of negligence; and (7) a state and federal damages claim. (Id. ¶¶ 5.5–5.7.)

Nine months after filing his suit, Plaintiff realized that he had failed to serve any Defendants with the summons and complaint. (Declaration of Oscar Desper (Dkt. No. 26) ¶¶ 8–10.) He moved the Court to extend the time for service on the basis that his counsel fell ill in November 2023, and did not fully return to work until June 2024. (Mot. to Extend Time (Dkt. No. 5) at 2.) In support of his motion, Plaintiff claimed that during his counsel's absence "[his counsel] tried to monitor his cases via other counsel and a [p]aralegal," the latter of whom informed Plaintiff's counsel that Defendants had been served. (Id. at 2–3; see also Dkt. No. 5-3 ¶ 6.) The motion was denied from the bench and Plaintiff was ordered to effect service upon the

1  Defendants by no later than November 6, 2024. (See Minute Order (Dkt. No. 8). Despite this,

2  Plaintiff admits all Defendants were not served by January 6, 2025. (See JSR (Dkt. No. 16 at 5).)

3  Defendants now move for summary judgment on Plaintiff's claims. (Dkt. No. 21.)

## ANALYSIS

Defendant's Motion seeks summary judgment through two procedural hooks. First, they argue there is no genuine issue of material fact that (1) Plaintiff failed to perfect service of process on Defendants; (2) Plaintiff's claims are timebarred by state and federal law. (Id. at 1.) The Court's analysis begins—and ends—with the latter claim.

### A. Legal Standard

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248–50 (1986). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. Id. at 248. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. Anderson, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." Celotex, 477 U.S. at 323-24.

**B.  Plaintiff's Conceded Claims**

As a threshold matter, Plaintiff concedes that his state-law assault and battery claims brought as part of his first cause of action are untimely under RCW 4.16.100(1), and should be dismissed. (Resp. at 8.) Defendants' motion is therefore GRANTED as to those claims.

**C.  Plaintiffs' Remaining Claims Are Untimely**

Defendants argue that Plaintiff's claims are time-barred, because Plaintiff failed to commence his lawsuit within three years of the date of the injury. (Mot. at 10.) The Court agrees.

Personal injury claims in Washington are subject to a three year statute of limitations. See RCW 4.16.080 (requiring personal injury actions to be "commenced within three years"). Plaintiffs' federal claims, which are brought under 42 U.S.C. § 1983, are subject to the same three-year limitation. See Whidbee v. Pierce Cnty., 857 F.3d 1019, 1022 (9th Cir. 2017) ("The applicable statute of limitations for actions brought pursuant to 42 U.S.C. § 1983 is the forum state's statute of limitations for personal injury actions . . ."); accord Southwick v. Seattle Police Officer John Doe Nos. 1–5, 145 Wn. App. 292, 297 (2008) ("Since there is no statute of limitations for claims under 42 U.S.C. § 1983, the appropriate limitation period for a § 1983 action is the forum state's statute of limitations for personal injury cases, which in Washington is three years.")

Plaintiff's initial complaint was filed exactly three years after his arrest, and was therefore timely. However, to toll the statute of limitations on his state and federal claims Plaintiff was required to "commence the action" under Washington law, Plaintiff was required to serve the Defendants by no later than December 5, 2023. See RCW 4.16.170 ( "If . . . following filing, service is not so made, the action shall be deemed to not have been commenced for purposes of tolling the statute of limitations."); see also Whidbee, 857 F.3d at 1022 (affirming

ORDER GRANTING SUMMARY JUDGMENT - 4

the district court's conclusions that the statute of limitations had run on plaintiff's civil rights claims when he had filed his complaint, but failed to serve the defendants before the claims expired).

Here, Plaintiff failed to serve Defendants with the complaint for over a year after filing his lawsuit. The earliest that Plaintiff can claim to have "commenced" his suit is November 5, 2024, when he served Defendant Navarro. (See Dkt. No. 9.) Only then was the statute of limitations tolled as to his claims. RCW 4.16.170 (" If service has not been had on the defendant prior to the filing of the complaint, the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing the complaint.") (emphasis added). In the interceding year between his filing and service on Navarro, Plaintiff's claims had run on his 2020 arrest, and are therefore time-barred.

Plaintiff's arguments to the contrary are unavailing. First, he claims that there is good cause for the Court to extend the time of service beyond the initial 90-day period under Federal Rule of Civil Procedure 4(m). (Resp. at 4.) But even if the Court were inclined to provide such an extension, it would only cure Plaintiff's issues with insufficient service. See Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time.") It would not change the fact that between September 6, 2023, and November 5, 2024, the statute of limitations continued to run on Plaintiff's claims due to his failure to serve Defendants. Second, Plaintiff's counsel argues that his illness prevented him from adequately supervising the deadlines and requirements of his client's case. But Plaintiff's counsel avers that he engaged both another attorney and a paralegal to "monitor" his cases during his convalescence, but

nevertheless maintains that he is "100% responsible" for the insufficient service. (Desper Decl. ¶¶ 6, 17.) The Court declines to intervene in what appears to be a failure of Plaintiff's counsel, the substitute attorney, and paralegal, to adequately ensure that basic elements of his client's case. The Court does not accept that counsel's obligation to "act with reasonable diligence and promptness in representing a client," was somehow diminished by intervening illness or other unforeseen events. See Washington Rule of Professional Conduct 1.3.

## CONCLUSION

Plaintiff's year-long delay in serving any Defendant with the summons and complaint resulted in both his state and federal claims falling outside of the three-year statute of limitations. The Court does not find there to be good cause to equitably toll or otherwise revive Plaintiff's untimely claims. Accordingly, Defendants' Motion is GRANTED and the case is DISMISSED WITH PREJUDICE.

The clerk is ordered to provide copies of this order to all counsel.

Dated July 28, 2025.

Marsha J. Pechman
United States Senior District Judge